IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82645-TJM |
| | ) | |
| DONALD EUGENE OLSON, | ) | |
| | ) | CH. 13 |
| Debtor(s) | ) | |

ORDER

Hearing was held in Omaha, Nebraska, on December 30, 2008, regarding Filing No. 17, Motion for Relief from Stay, filed by Great Western Bank, and Filing No. 23, Resistance, filed by the debtor. David Hicks appeared for the debtor and Steven Woolley appeared for Great Western Bank.

The debtor is an individual whose income includes Social Security plus rents from two houses and a 12-plex apartment building. Great Western Bank has an interest in the 12-plex by virtue of a deed of trust which includes an assignment of rents clause. The payments to Great Western Bank on the note secured by the deed of trust are current.

The debtor, although current on the monthly note payments, has failed to pay the real estate taxes for several years. The Douglas County Treasurer has sold the property via redeemable tax sale certificates in the amount of approximately $13,000. Failure to pay the taxes is a default under the terms of the deed of trust, triggering the rights of Great Western Bank under the assignment of rents clause.

It is the position of Great Western Bank that the assignment of rents, which became completely effective as of the default, gives the bank the right to the rents. Upon the bankruptcy filing, the rents are deemed to be "cash collateral" and the debtor is prohibited from using cash collateral without permission of the lender or the court. In this case, the debtor has continued to use the rents to make payments to Great Western Bank on the note, and, among other things, has used the rents to pay other operating expenses of the apartment building.

The bank has requested relief from the automatic stay for cause, with cause being the violation of the Bankruptcy Code by the use of the cash collateral.

The motion is denied. The bank is correct that the debtor is prohibited from using the cash collateral without permission of the court or the lender. The debtor may file a motion for use of cash collateral and request expedited treatment. If filed, the motion should include exactly what the debtor proposes to use the rents for.

The motion has been denied because this creditor is adequately protected. The note payments are current. The property is valued on the schedules far in excess of the obligation to the bank. An amended Chapter 13 plan, if properly configured, may provide for the use of the rents to further protect the interest of the bank by payment on the note, payment on the delinquent taxes, payment of ongoing operating expenses.

Under the circumstances of this case, use of the rents, now designated as cash collateral, is not such cause to support the motion for relief from the automatic stay.

      The debtor is prohibited from using the rents for any purpose until authorized by the lender or this court.  The debtor is ordered to provide a written explanation of the use of the rents since the petition date and to do so by January 15, 2009.  Further, if the debtor does not file a motion for use of cash collateral by the close of business on January 15, 2009, this ruling will be reconsidered and relief will be granted.

      IT IS ORDERED that the Motion for Relief from Stay, Filing No. 17, is denied.

      IT IS FURTHER ORDERED that the debtor file a motion for use of cash collateral by the close of business January 15, 2009, and provide a written explanation of the use of rents since the petition date by January 15, 2009.  Failure to do so will result in this ruling being reconsidered and relief being granted.

      DATED:      January 7, 2009

                            BY THE COURT:

                            /s/ Timothy J. Mahoney
                            United States Bankruptcy Judge

Notice given by the Court to:
    David Hicks
    *Steven Woolley
    Kathleen Laughlin
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.